JPB

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

FILED IN CLERK'S OFFICE
U.S.D.C.- Atlanta

NOV 3 0 2021

KEVIN P. WEAVER, Clerk
By: _____ Deputy Clerk

EDWARD EAVES JR.,     )
                            )
     Plaintiff,     )
                            )
     vs.     )
                            )     **Case No: 1:21-CV-4711**
COBB COUNTY     )
SHERIFF'S OFFICE     )
                            )
     Defendant.     )

## AFFIDAVIT of Edward Eaves

### STATE OF Georgia

### COUNTY of Gwinnett

BEFORE the undersigned notary, on this date, personally, appeared Edward Eaves Jr., who upon his oath, stated the following:

1.    My name is Edward Eaves Jr. I am over twenty-one years of age, and I am otherwise legally competent to make this **affidavit**. Under the PENALTY of perjury, the facts set Forth in this affidavit are true and to the best of my knowledge.

2.    The Cobb County Sheriff's department denied Plaintiff Eaves a position as a Criminal Justice Specialist because of an arrest record involving Plaintiff's former girlfriend over a decade ago, although the charges were Nol

1

Processed which occurred in 1995. The Cobb County Sheriff's department required Eaves to attend a three-and-a-half-hour De-Novo review of his application which was later to be determined as an "interrogation" to explain Plaintiff's former arrest. Plaintiff Eaves willingly participated in the alleged De novo review of his application because Plaintiff Eaves wanted to provide the Cobb County Sheriff's Department with proof that the former arrest which Cobb County was concerned with was Nol Processed. But more importantly than that, Plaintiff Eaves wanted to provide this potential employer with his **educational background in 2003 and 2004 from the University of Maryland University College where Plaintiff was enrolled in the Paralegal Studies Program; and thereafter in (2005) enrolled into a Criminal Justice Program graduating in (2007) successfully attaining his bachelor's degree from Western Illinois University. And in (2017) attended Law School part-time in Birmingham Alabama.**

3.  Plaintiff Eaves additionally provided the Cobb County Sheriff with documentation involving volunteer work helping the less fortunate and underprivileged in his community. Plaintiff Eave's intent was to show the Cobb County Sheriff's department Eaves was a committed applicant and in no way would ever compromise the integrity of the Sheriff's department or be subjected to his commitment and integrity being questioned.

4.      Eave's commitment to do whatever was required of him to demonstrate that he would Honor the oath as a Peace Officer for the state of Ga. was never a question.

5.      At the close of the De-Novo review Eaves was summarily accused of having an arrest in 2005 for drug possession (marijuana) and the distribution of dangerous drugs out of Rock Island County Illinois. This allegation made against Eaves was indescribable and abhorrent. Eaves was asked by Col Craig why didn't Eaves reveal an arrest in 2005 for marijuana possession. Col Craig then proceeded to knowingly and falsely accuse Plaintiff of lying on his application. This FALSE allegation was devastating to Plaintiff. To later uncover that this was planned by the Cobb County Sheriff's department to intentionally **disqualify** Eaves from being considered for employment as a Criminal Justice Specialist because of Eaves complaint of discrimination filed with the Cobb County City Manager Dr. Jackie McMorris.

**6.**      Plaintiff applied for a job as a Criminal Justice Specialist with the Cobb County Sheriff's Office on or about February 6, 2020.

**7.**      *Jun 22 at 6:27* PM Plaintiff filed a complaint by e-mail with cobbemployment@cobbcounty.org and the Cobb County City Manager Dr. Jackie.mcmorris@cobbcounty.org for discriminatory employment practices.

3

**8.** *On, Jun 22 at 2:56 PM* Plaintiff notified COL ROLAND Craig,

and Jacob Huval Internal Affairs.

**9.** The position statement issued to the EEOC by Mark Adelman, Esq.

Senior Associate County Attorney COBB COUNTY GOVERNMENT representing

the Cobb County Sheriff's department were racially charged retaliatory and

profoundly discriminatory.

## 10.  BACKGROUND CHECK CONDUCTED BY THE COBB COUNTY SHERIFF'S DEPARTMENT USING NCIC "HEREINAFTER" KNOWN AS THE NATIONAL CRIME INFORMATION CENTER

11. *Col Roland Craig, Lieutenant Huval, investigator Duncan, and Investigator Irving McClure with the Cobb County Sheriff's Department* used NCIC to place **Drug Charges** on Plaintiff's background report. Each member was aware these charges were fraudulently placed on Plaintiff's background report in retaliation for reporting the Cobb County Sheriff's Department for discrimination with City Manager Dr. Jackie McMorris early on during the application process.

12. The Cobb County Sheriff used NCIC to obtain Plaintiff's background history. NCIC reveals (Descriptive Information) on an applicant obtaining his or her background history. The Cobb County Sherriff conducted a NAME-BASED CHECK with NCIC. Plaintiff's full name is **Edward Eugene Eaves Jr.** Plaintiff has neither used a different name in his lifetime nor has Plaintiff been associated with any

4

aliases. The Cobb County Sherriff upon conducting their "name-based check" discovered a similar name to the Plaintiff's name.

13. The Cobb County Sherriff discovered **Mr. TYRONE EDWARD EAVES** had the same last name and similar name (middle) name comparable to the first name of the Plaintiff name. Mr. Edward was arrested for drug charges in the State of Ga.

14. The Cobb County Sheriff used Mr. Tyrone Eaves drug arrests fraudulently placing them on Plaintiff's Eaves background report using **NCIC.** The Cobb County Sheriff's office then notified the Georgia Crime Information Center using NCIC upon placing these fraudulent charges on Plaintiff's background report to **disqualify** Plaintiff from obtaining the Position as a Criminal Justice Specialist.

15. When using a name-based check as is commonly utilized with law enforcement agencies in the state of Georgia (without fingerprinting the applicant) the ONLY distinguishing factor of an applicant's identity is the applicant's name, social security number, and date of birth. Plaintiff's social security number and dob are different from Mr. Edward's. The Cobb County Sheriff's department knew the drug charges Mr. Edwards was charged with were in no way associated with the Plaintiff. However, the Cobb County Sheriff's department used those drug charges of Mr. Edwards and associated his criminal information with the Plaintiff's background information and consolidated the **drug charges** with an arrest a "non-

drug offense" Plaintiff had in 2005 a (misdemeanor) which was dismissed out of Rock Island County Illinois.

**16.**   Mr. Edwards has the same last name and first name as Plaintiff. Mr. Edward's criminal information populated when the Name-Based Check was conducted by the Cobb County Sheriff. When Plaintiff was confronted with this fraudulent information on the day he met with Col Craig and Investigator McClure for 3.5-hours discussing Plaintiff's application and background. Col Craig requested at the END of the review of Plaintiff's application why Plaintiff did not inform the Cobb County Sheriff's Department about the drug charges. Plaintiff requested to obtain a (copy) of the background report however, was (denied) a copy. Plaintiff requested to submit a fingerprint examination. Col Craig refused to show Plaintiff the background report and advised Plaintiff a fingerprint examination would not be necessary. Col Craig proceeded to inform Plaintiff the arrest information concerning the drug charges appears to be mistaken.

**17.   NCIC** is used for descriptive information only. Thus, Mr. Tyrone Edward Eaves name was closely (related) to the name Edward Eugene Eaves. Defendant saw this and **fraudulently** placed Mr. Edward's drug charges on the background sheet of Plaintiff using NCIC. The Cobb County Sheriff can access criminal and background information on a person. In this case, the defendant knew the information was incorrect concerning

6

the Plaintiff's background and fraudulently uploaded this information to the GEORGIA
CRIME INFORMATION CENTER.

## 18.     THE DIFFERENCE BETWEEN NCIC & FINGERPRINT DATA

19. Fingerprint Data allows law enforcement to correctly identify the person whose
information is recorded to match their identity with their social security number
and date of birth.

20. Plaintiff submitted a Fingerprint Record Inspection with the Georgia Bureau of
Investigation on October 21, 2021. No RECORD was found. Plaintiff then notified
the Rock Island County Court House in Illinois. October 29, 2021, No Record was
found relating to drug charges or prior arrests for drugs.

21. Plaintiff submitted an IDENTITY HISTORY SUMMARY/FIREARM RELATED
CHALLENGE REQUEST TO THE FBI Federal Bureau of Investigation Criminal Justice
Information Center Wednesday, October 27, 2021. November 20, 2021, Plaintiff's
identity check was completed, and the FBI found NO record of any drug charges
and stated in their correspondence the Illinois State Police was notified and the
drug charges which were placed on Plaintiff's background history were
removed, *see attached report* from the FBI.

22. Monday, November 22, 2021, Plaintiff notified the Illinois State Police and
spoke with a Sgt. Gibson (815) 740-5160. Sherise.gipson@IL.gov. Sgt. Gibson

informed Plaintiff she was unaware of the issue. Sgt. Gibson is part of the Illinois

State Police EEO division.

23. *Tuesday, November 23, 2021, Plaintiff spoke with Mr. LEROY, Supervisor*

*(Frontline) Customer Service Group manager for the FBI Criminal Justice Information*

*Services* (304) 625-5590. Mr. Leroy and Plaintiff spoke on the phone for

approximately one hour. Mr. Leroy was made aware of what the Cobb County

Sherriff's office did. Mr. Leroy explained in (detail) the significant difference

between a FINGERPRINT-BASED BACKGROUND CHECK & NAME BASED CHECK

which is described hereinabove as a "Descriptive Information Check".

24. Mr. Leroy explained to Plaintiff the distinct difference between the Georgia

Crime Information NCIC and the FBI Fingerprint Based check. Plaintiff was told that

the FBI cannot see the State of Ga information on a subject known as the NCIC

because it is under **State Level**. However, when Plaintiff's information was checked

by the FBI any former arrests showed up based on Fingerprint Data. In essence, Mr.

Leroy stated that the FBI cannot see the GBI NCIC background checks because

they're not a federal entity. Therefore, when the Cobb County Sheriff's Department

conducted Descriptive NAME-based information Check on Plaintiff Eaves using

NCIC the named based information check populated the name Mr. Tyrone Edward

Eaves. Thus, when this occurred the Cobb County Sheriff used Mr. Edward's

criminal history involving drugs and drug arrests and fraudulently placed them on

8

the background history of Plaintiff Eaves in retaliation for reporting the Sheriff's department for discrimination.

25. Upon doing this it appeared as if Plaintiff was arrested for DRUGS the same time, he was arrested in 2005 out of Rock Island County Illinois. The intent of the Cobb County Sheriff's Department was to make it appear as if Plaintiff was arrested in 2005 for marijuana possession and dangerous drug charges along with a (misdemeanor) arrest which occurred in 2005 involving a totally separate matter and one which was in no way associated with drug offenses. The Cobb County Sheriff **fraudulently** ADDED criminal charges to Plaintiff's arrest in 2005 out of Rock Island County Illinois by PADDING the Plaintiff's employment file and background investigation with arrests of marijuana possession and dangerous drugs using NCIC. Further evidence was supported that the **Ackworth POLICE Department of Cobb County was complicit**. Plaintiff Eaves was contacted approximately a week later *August 17, 2020*, by the Ackworth Police Department (Cobb County) Ga. Plaintiff completed an application as a Detention Officer. Upon arrival at the APD for his interview Plaintiff was requested to provide his driver's license and social security number to conduct an identity background check. Plaintiff was called into an interview room by a (White) female-identified as Sgt. Montcalm. Present in the interview room was two other White males. Sgt. Montcalm began questioning Plaintiff about his application, in particular, Plaintiff

was asked to explain the arrest in 1995 involving his former girlfriend. As Plaintiff began to explain and attempted to provide Sgt. Montcalm with (his) disposition of the charge Sgt. Montcalm rudely stated to Plaintiff "this is not necessary. I want to know why you did not put on your application where it requires you to put down if you have used any Drugs or have been arrested for Drugs or have been charged with a drug offense." Plaintiff responded vehemently denying those charges were not Plaintiffs. Sgt. Montcalm again stated "why are they on your background report if they're not yours?" Plaintiff responded he met with the Cobb County Sheriff's department a week prior and informed the Cobb County Sheriff the drug charges were not Plaintiff's. Sgt. Montcalm then began reading the charges from the arrest report issued to the ACPD by the Cobb County Sheriff. **Sgt. Montcalm** stated to Plaintiff you have been arrested for marijuana possession and dangerous drug possession out of Rock Island County Illinois in 2005. Plaintiff Eaves vehemently denied these charges were his. Plaintiff Eaves stated to Sgt. Montcalm he was willing to undergo a FINGERPRINT examination to prove the charges were not his. One of the White males later identified as **Sgt. HUNT** who was also present looked at Plaintiff Eaves and stated arrogantly and rudely with a clear (racist) animus "do you really expect for us to believe those charges are not yours. Why would the Sheriff's department have these charges in your background if they were not yours?" Sgt. Hunt then stood up and looked at

10

Plaintiff. Immediately thereafter, Sgt. Montcalm stated to Plaintiff in a very hostile TONE at this time we are declining your interview for the position as a detention officer. Sgt. Hunt then signaled to Plaintiff Eaves by stating verbally and using hand gestures to leave. Plaintiff Eaves was escorted out of the interview. Plaintiff Eaves left the Police Station and returned to his vehicle. Plaintiff Eaves re-entered the Ackworth Police station five minutes later requesting to file a formal complaint. Plaintiff Eaves met with lieutenant Onge with the Acworth Police. Plaintiff Eaves explained to Lt. Onge what had just occurred. Plaintiff Eaves requested to file a formal complaint with Internal Affairs. **Plaintiff Eaves additionally requested a copy of the background report issued to the ACPD by the Cobb County Sheriff. Lt. Onge requested to speak with Sgt. Montcalm and asked Plaintiff to wait in the conference room. Sgt. Montcalm spoke with Lt. Onge and requested Lt. Onge NOT provide Plaintiff Eaves with a copy of the information arrest report issued by the Cobb County Sheriff to the ACPD.** August 29, 2020, Plaintiff received a letter from CAPTAIN CHEATHAM with the ACPD denying all allegations and any wrongdoing on the part of the employees with the ACPD. A discrimination complaint was filed via email with Dr. Jackie McMorris City Manager for Cobb County, Millie Rogers City Council for Cobb County, and Mike Boyce City Manager for Cobb County, August 31, 2020

11

26.    Plaintiff notified the Georgia Crime Information Center on November 23, 2021 (404) 244-2639. Plaintiff spoke with an analyst. Plaintiff was reassured he had no drug charges on his background report. However, the analyst stated affirmatively, **Mr. Tyrone Edward Eaves was arrested for the (same) drug offenses and charges** fraudulently placed Plaintiff's background report.

27.    Because of intentional padding of Eaves background report using NCIC for employment-based background checks Eaves has been denied and deprived of the opportunity to work for the **G.A. Department of Corrections**. October 21, 2021, Eaves interviewed with the GADOC. Eaves completed a background request form submitted by the GDOC using NCIC. The background report revealed Eaves was charged with multiple drug offenses in 2005. Eaves attempted to explain the drug charges were not his, however, based upon the NCIC report submitted by the GDOC Eaves was denied employment.

28.    November 4, 2021, Eaves was offered an opportunity to complete his background paperwork by November 17, 2021, with the **East Point Police Department as a Detention Officer.** Because of the fraudulent and negative drug arrest on Eaves background report using NCIC which (falsely) purports that Eaves was arrested for the distribution and the possession of marijuana and dangerous drugs in 2005 Eaves could not complete the background paperwork to apply with the East Point Police Department as a Detention Officer.

12

29.    An email to Plaintiff during the application process from Jacob Huval with the Cobb County Sheriff copied to Col Roland Craig in an email to Plaintiff states in part: "I have reviewed your application information and interaction with our recruiting staff. I regret to inform you that it appears after considering the totality of circumstances you are not the best-suited candidate for the position of Criminal Justice Specialist. I hope you understand that we appreciate your interest in our agency and I commend you on your efforts to move on from an admittedly trying time in your life. With that being said, the reason the Sheriff's Office feels you are not best suited is based on the totality of your application and not just your criminal history. I completely understand your concern and frustration and I wish I had better news in regard to this matter. **I do not feel that a meeting in person will change the decision as the documentation gathered during your background investigation supports the decision that you are not best suited for the position.** If you have additional documentation that you feel we do not have, please feel free to forward the documents to our recruiting unit. In regard to your interaction with Inv. Duncan it appears that she remained professional throughout the phone call and provided you with some of the reasoning for your status of not best suited. Again, I am truly sorry that this opportunity did not work out with the Sheriff's Office, and I wish you the best in your pursuit to obtain a criminal justice position."

30.    **July 2, 2020,** a letter was mailed to Plaintiff from CHIEF Deputy Sonya Allen with the Cobb County Sheriff's Department informing plaintiff a **De-Novo** review of his application will take place with Col Roland Craig.

31.    Col Craig issued the following statement **on August 3, 2020,** to Chief Deputy Allen after meeting with Plaintiff EAVES. Col Craig & Investigator McClure

13

interrogated Eaves for 3.5-hours. At the end of the alleged **De novo** review which was actually an interrogation and not an interview for the position as a Criminal Justice Specialist Col Craig asked Eaves "why didn't you tell me about the drug possession charges."

32.   Col Roland Craig **WRITES** the following statement in a letter to Chief Deputy Allen on August 3, 2021. "On Mr. Eaves application he was asked if he ever possessed, sold, or given away and/or delivered illegal drugs or marijuana, or if he had ever been arrested or convicted of a drug violation. Mr. Eaves answered all questions with a No. However, Mr. Eaves criminal history reflected that in 2005, in conjunction with a theft charge Mr. Eaves was charged with possession of drug paraphernalia and possession of cannabis. When I asked Mr. Eaves about this apparent discrepancy, he said he absolutely did not have any knowledge of the charges being in his history and they had to have been entered in error. He subsequently provided me with additional documentation on the adjudication of the case but the documents neither affirmed nor dispelled the validity of the drug charge." Col Craig end this statement by informing Chief Deputy Allen he CONDUCTED records check in Rock Island County Illinois to check the accuracy of the DRUG charges subsequently admitting the drug charges were entered in error. Thus, Plaintiff has procured evidence which shows the drug charges were **intentionally and fraudulently** placed on the plaintiff's background report committed by the Cobb County Sheriff's Office in retaliation for reporting discrimination. Subsequently, disqualifying the plaintiff from employment with the Cobb County Sheriff as a Criminal Justice Specialist.

## **Certificate of Service**

A true copy of Plaintiff's affidavit and attachments was mailed U.S. First Class

regular Mail November 29 2021 to:

Mark Adelman, Esq.

Senior Associate County Attorney

COBB COUNTY GOVERNMENT

100 Cherokee Street, 2nd Floor

Marietta, GA 300901.

DATED this the  29 day of month  November 2021 _____

AFFIANT _____ Edward Eaves Jr.

SWORN to subscribed before me, this  29  day November , 2021

_____

**NOTARY PUBLIC**

JOHANNA M SIMMS
Notary Public – State of Georgia
Fulton County
My Commission Expires Feb 26, 2022

15



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306

November 20, 2021

EDWARD EAVES, JR.
1624 PACES COMMONS DRIVE
DULUTH, GA 30096

Dear Mr. Eaves:

Reference is made to your Identity History Summary (IdHS) challenge, submitted via the Electronic Departmental Order (eDO), with attachment, on October 27, 2021, concerning nonfederal Illinois and Maryland arrest data appearing in your employment background checks.

The FBI's Criminal Justice Information Services (CJIS) Division serves as the nation's central repository and custodian for fingerprint identification and related IdHS information. As custodian, and neither the owner nor the source of the information, the CJIS Division does not have the authority to effect any modification or to remove any data unless specifically notified to do so by the owner of the information. Therefore, requests to modify or remove nonfederal Illinois arrest data must be processed through and submitted by the Bureau of Identification, Illinois State Police (ISP), 260 North Chicago Street, Joliet, Illinois 60432-4075, telephone 815-740-5160.

To assist you a member of my staff reviewed your incoming attachments, your FBI IdHS and Illinois arrest record and determined the ISP has removed your April 29, 2005, arrest for "Possess Cannabis." Any questions or concerns with this update should be directed to the ISP. Should you wish confirmation of this update, you may request a fingerprint search of the FBI Criminal File by complying with the provisions of U.S. Department of Justice Order 556-73. A copy of Order 556-73, along with instructions and materials to submit a summary request, can be found on our website at www.fbi.gov/checks. You may also submit your request electronically through the eDO option found under the heading "How to Submit a Request."

Furthermore, concerning your nonfederal Maryland arrest data, the FBI's CJIS Division serves as the nation's central repository for fingerprint identification and related IdHS information for most states. However, Maryland is one of twenty states that maintain their own records systems that are accessed by the FBI for authorized purposes. This Division has neither the authority to mandate changes to their records nor the physical capability to do so. Therefore,

32A-HQ-A3031840
r   (2)

EDWARD EAVES, JR.

challenges to nonfederal Maryland arrest data must be directed to the Criminal Justice
Information System, Central Repository (CJIS-CR), Maryland Department of Public Safety and
Correctional Services, Post Office Box 32708, Pikesville, Maryland 21282-2708, telephone 410-
764-4501, or 888-795-0011. If you have not done so, I suggest you contact the CJIS-CR directly
for their specific procedures to submit your request to them. The FBI can take no further action
concerning your nonfederal Maryland arrest data.

Sincerely yours,

Scott A. Rago
Section Chief
Biometric Services Section
Criminal Justice Information
  Services Division

CLEARED

U.S. Marshals Service

EXPECTED DELIVERY DAY: 11/30/21
USPS TRACKING® #

9505 5119 9792 1333 6593 25

TYVEK® IS RECYCLABLE.
HDPE  ©2003. DUPONT™ AND TYVEK® ARE TRADEMARKS OF DUPONT.

PRIORITY MAIL

FROM:
Edwin J. Gaves
1627 Forces Comm.n Dr
Dublin, GA 30096

TO:
Richard B. Russell
Federal Building
2211 United States
Court House
75 TED Turner Dr,
SW
Atlanta, GA
30303

UNITED STATES
POSTAL SERVICE®

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

PRIORITY MAIL

FOR DOMESTIC AND INTERNATIONAL USE

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Label 228, March 2016



U.S. POSTAGE PAID
PME 1-DAY
PEACHTREE CORNERS, GA
30092
$7.95
R2304Y122893-14
AMOUNT

DuPont™ Tyvek®
Protect What's Inside.™

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14 © U.S. Postal Service; March 2020; All rights reserved.

Please Recycle

